**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 08:39 AM August 27, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| DAVID TRENTMAN, ) | CASE NO. 18-60723-rk |
| KRISTY TRENTMAN, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT FOR PUBLICATION)** |

Debtors David Trentman ("Debtor-Husband") and Kristy Trentman ("Debtor-Wife") filed a joint Chapter 7 bankruptcy petition on April 9, 2018. On June 28, 2018, the Chapter 7 Trustee, Anne Piero Silagy ("Trustee"), filed a motion for turnover, alleging that the Debtors needed to turn over a large portion of their 2017 federal and state tax refunds, as property of the bankruptcy estate. She also objected to the Debtors' claimed exemptions under O.R.C. § 2329.66(a) by separate motion, claiming that Debtor-Wife was not entitled to any exemption in the refunds. Debtors responded on July 3, 2018, disputing the objection to exemption, stating

1

their entitlement to the refunds, and requesting a hearing on the matter. After Debtors filed amended schedules to accurately reflect the actual tax refunds received, rather than an estimate, the Trustee reiterated her position in a second objection. Debtors responded on August 15. A hearing on this matter was held on August 21, 2018. The matter was then taken under advisement.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (E) and the court has authority to issue final entries.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## DISCUSSION

When a Chapter 7 debtor has filed for bankruptcy, he may remove certain properties from the bankruptcy estate. 11 U.S.C. § 522(b)(1). Each state is entitled to choose whether it wants to use the exemptions set forth in the Bankruptcy Code, or instead use its own state exemptions. In re McCashen, 339 B.R. 907, 909 (Bankr. N.D. Ohio 2006). Ohio has opted for the latter. Id. The Ohio Revised Code details at length a number of rights and interests which a citizen may "hold . . . exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order," and the maximum value of those exemptions. O.R.C. § 2329.66(A).

This court must make a determination on two questions before it can calculate the portion of the refund belonging to the bankruptcy estate: (a) which of the § 2329.66 exemptions may be claimed, and (b) who may claim them.

### A. Applicable § 2329.66 Exemptions

Both the Debtors and the Trustee agree that Debtors are entitled to take two exemptions; however, they do not agree on which two. The Trustee does not dispute the Debtors' assertion of exemption § 2329.66(A)(18), which entitles the person(s) to "aggregate interest in any property," not to exceed $1,250. However, in both her Objection to Exemption and Objection to Amended Exemptions, the Trustee argues that the only other potentially applicable exemption is § 2329.66(a)(4). This latter exemption entitles the person(s) to an interest of up to $600 in a "particular item" in household goods or furnishings which "are held primarily for the personal, family, or household use of that person." Id. This exemption does not apply on the instant facts, as the property in issue is not a physical good, but rather a payment of money. The Debtors are not entitled to any exemption under this provision.

Debtors argue that, apart from the catch-all provision, the second exemption for which they are eligible is § 2329.66(A)(3), which concerns the person's interest of up to $475 in cash, including tax refunds. The Trustee does not address this claim, but has stated repeatedly that Debtors are "only" entitled to potential exemptions in §§ 2329.66(A)(4) and (18). It is unclear whether this is an oversight or an earnest line of argument, but it is beyond dispute that the tax

refund provision of the O.R.C. applies to the Debtors' tax refunds. The Debtors are eligible for exemptions under § 2329.66(A)(3).

B. **Debtors' Individual Eligibility for Exemptions**

While Debtors maintain that they are both entitled to exemptions under §§ 2329.66(A)(3) and (18), the Trustee argues that only Debtor-Husband is eligible, and Debtor-Wife may claim no exemptions in the tax refunds.

Under Ohio law, outside of a small number of very specific exceptions not relevant on these facts, "neither husband nor wife has any interest in the property of the other." O.R.C. § 3103.04. This principle extends to property interest in tax refunds, as wages are the sole property of the earning spouse, and a spouse has no interest in a tax refund resulting solely from withheld income earned by the other spouse. See, e.g., In re Smith, 310 B.R. 320 (Bankr. N.D. Ohio 2004); In re Carey, 1993 Bankr. LEXIS 1851 (Bankr. N.D. Ohio 1993).

The Northern District of Ohio addressed a situation very similar to this one only a few years ago. In Gazvoda, the court found that a spouse who has no income withheld enjoys no property interest in a refund derived solely from her spouse's over-withheld earnings. In re Gazvoda, 2011 Bankr. LEXIS 2786 (Bankr. N.D. Ohio 2011). The debtor-wife in that case owned her own business, much like Debtor-Wife, and did not have any tax withholdings for the tax year. Id. at *6. The court noted that "each debtor's estate is a separate entity, and the exemptions available to each co-debtor may be claimed only from his or her separate estate." Id. at *3. One cannot convert the tax overpayment of one spouse into joint property simply by filing jointly. Id. at 7-8, citing Kleinfeldt v. Russell (In re Kleinfeldt), 287 B.R. 291, 294-95 (10th Cir. BAP 2002).

In this case, the wages withheld were all earned by Debtor-Husband, with no contribution from Debtor-Wife, meaning she has no interest in the refund generated as a result. Debtors attempt to distinguish their situation from Gazvoda on the notion that a tax refund is not simply an amount representing the difference between an individual's overall tax burden for the year and what he actually paid through his wages, but rather a pot of money derived from the combination of income, losses, deductions and credits detailed in the return. This is an incorrect framing of the workings of the tax code. Put simply, a refund is the amount by which a person's tax payment exceeds his tax burden.[1] [2] The various other factors to which Debtors refer solely impact the determinations of the taxable income and burden, and are not directly reflected in the amount of the final refund.[3] For instance, Debtors mention that they received a one thousand

---

[1] *How to Get a Tax Refund*, U.S. Tax Center (Last visited Aug. 22, 2018), https://www.irs.com/articles/getting-a-tax-refund. ("A Federal tax refund is basically a refund from the IRS because you paid more in taxes than you owed for the year.")

[2] Susannah Snider, *Everything You Should Know About Tax Refunds*, U.S. News & World Report (Feb. 7, 2018), https://money.usnews.com/money/personal-finance/taxes/articles/everything-you-should-know-about-tax-refunds. ("You get a tax refund when you pay more taxes to your state government or the federal government – through payroll withholding, for example – than your actual tax liability.")

[3] *Do the Math: Understanding Your Tax Refund*, TurboTax (Last visited Aug. 22, 2018), https://turbotax.intuit.com/tax-tips/tax-refund/do-the-math-understanding-your-tax-refund/L0SfgJGEq ("Tax

3

18-60723-rk    Doc 47    FILED 08/27/18    ENTERED 08/27/18 09:39:35    Page 3 of 5

dollar Child Tax Credit, with the obvious implication being that said credit was built into their refund.  In reality, as reflected on the Debtors' joint tax return, the credit was used to offset what they owed, not added together with a separate amount of withholdings.[4]

Regardless of the Debtor-Wife's impact on eligibility for certain deductions and credits, the fact remains that the refund which ultimately found its way to Debtors' hands is a return of a portion of Debtor-Husband's withheld earnings, and nothing more.  This court agrees with the Trustee that Debtor-Wife does not have a property interest in those earnings, and thus cannot claim any exemption in them under either §2329.66(A)(3) or (A)(18).  By separate order, the court will sustain Trustee's Objection to Amended Exemptions, to the extent that Debtor-Wife is not eligible for any exemptions, and to the extent that Debtor-Husband is entitled to an exemption under § 2329.66(A)(18), and overrule in part, to the extent that Debtor-Husband is entitled to an exemption under §2329.66(A)(3).

### C. Calculation of Funds to be Turned Over

Debtor-Wife is not entitled to any exemptions in the tax refunds, but Debtor-Husband is entitled to exemptions under both §2329.66(a)(3) and §2329.66(a)(18).

The parties stipulate that the values listed on both the federal and state tax returns for 2017 are correct.  The refund on Debtors' jointly filed federal tax return was $5,299, and the refund on the state return was $446; together, the full refund amounts to $5,745.

Under §2329.66(A)(3), as adjusted for inflation, Debtor-Husband can claim an exemption of up to $475, and he can claim an additional $1,250 under §2329.66(A)(18), bringing the total exemptions in the refund to $1,725.  The remaining $4,020 belongs to the bankruptcy estate.

The court will grant the Trustee's Motion for Turnover, in the amount of $4,020, by separate order.

#     #     #

**Service List:**

**David Trentman**
**Kristy Trentman**

---

deductions reduce your taxable income and therefore can reduce the amount of tax you owe . . . Tax credits . . . reduce taxes dollar-for-dollar.")

4 The Child Tax Credit ["CTC"] provides a person with a $1,000 tax credit for each dependent child. If the CTC amount is less than the total taxes owed, "no portion of the CTC is refundable." In re Yost, 2014 Bankr. LEXIS 2445 (Bankr. N.D. Ohio 2014), *6. Here, Debtors' overall federal tax burden was $2,191, making the CTC less than the taxes owed, and therefore completely nonrefundable. The refund then shows a total tax of $1,191 – tax liability less the credit – was subtracted from total payments of $6,490, to arrive at a refund of $5,299.

4

2013 Old Elm Street
Canton, OH 44721

**Robert H. Cyperski**
1201 30th Street N.W.
Suite 102-B
Canton, OH 44709

**Anne Piero Silagy**
1225 South Main Street
Suite 1
North Canton, OH 44720

5